United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   WILLIE WEAVER,                    )
                                       )    No. C 07-03317 JW (PR)
12              Plaintiff,             )
                                       )    ORDER TO SHOW CAUSE
13      vs.                            )
                                       )
14   THIRD WATCH, et al.,              )
                                       )
15              Defendant(s).          )
                                       )
16   _____

17

18         Plaintiff, a California inmate, has filed a pro se civil rights complaint

19   pursuant to 42 U.S.C. § 1983.  He has not paid the filing fee and appears to be

20   ineligible for pauper status.  Accordingly, this suit is subject to dismissal for the

21   reasons set forth below.

22         The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

23   became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

24   action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

25   prior occasions, while incarcerated or detained in any facility, brought an action or

26   appeal in a court of the United States that was dismissed on the grounds that it is

27

28   Order to Show Cause
     N:\Pro - Se\8.27.2007\07-3317 Weaver03317_osc1915.wpd

**United States District Court**

For the Northern District of California

1    frivolous, malicious, or fails to state a claim upon which relief may be granted,

2    unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C.

3    § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions

4    dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers,

5    128 F.3d 1310, 1311-12 (9th Cir. 1997).

6          For purposes of a dismissal that may be counted under § 1915(g), the phrase

7    "fails to state a claim on which relief may be granted" parallels the language of

8    Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the

9    word "frivolous" refers to a case that is "of little weight or importance: having no

10   basis in law or fact," and the word "malicious" refers to a case "failed with the

11   'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th

12   Cir. 2005) (citation omitted).  Only cases within one of these three categories can be

13   counted as strikes for § 1915(g) purposes.  See id.  Dismissal of an action under §

14   1915(g) should only occur when, "after careful evaluation of the order dismissing an

15   [earlier] action, and other relevant information, the district court determines that the

16   action was dismissed because it was frivolous, malicious or failed to state a claim."

17   Id.

18         Andrews requires that the prisoner be given notice of the potential

19   applicability of § 1915(g), by either the district court or the defendants, but also

20   requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does

21   not bar pauper status for him.  Id.  Andrews implicitly allows the court to sua sponte

22   raise the § 1915(g) problem, but requires the court to notify the prisoner of the

23   earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner

24   an opportunity to be heard on the matter before dismissing the action.  See id. at

25   1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his

26   action as a pauper under § 1915(g), but he still may pursue his claims if he pays the

27   full filing fee at the outset of the action.

28
     Order to Show Cause
     N:\Pro - Se\8.27.2007\07-3317 Weaver03317_osc1915.wpd        2

**United States District Court**

For the Northern District of California

1    A review of the dismissal orders in plaintiff's prior prisoner actions reveals

2    that plaintiff has had at least three such cases dismissed on the grounds that they

3    were frivolous, malicious, or failed to state a claim upon which relief may be

4    granted.  Plaintiff is now given notice that the Court believes the following

5    dismissals may be counted as dismissals for purposes of § 1915(g): (1) <u>Weaver v.</u>

6    <u>Pelican Bay State Prison</u>, No. C 04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil

7    rights action dismissed for failure to state a claim upon which relief may be granted);

8    (2) <u>Weaver v. Nimrod</u>, No. C 04-3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same);

9    (3) <u>Weaver v. Pelican Bay State Prison Mail Room</u>, No. C 04-4784 JW (PR) (N.D.

10    Cal. Jan. 5, 2005) (same); (4) <u>Weaver v. Daniel</u>, No. C 05-1373 JW (PR) (N.D. Cal.

11    May 9, 2005) (same); and (5) <u>Weaver v. Monterio, et al.</u>, No. C 05-0166 RSWL

12    (FMO) (C.D. Cal. Nov. 21, 2005) (same).  Plaintiff therefore may proceed <u>in forma</u>

13    <u>pauperis</u> only if he is seeking relief from a danger of serious physical injury which is

14    "imminent" at the time of filing.  <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312

15    (3d Cir. 2001) (en banc); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir.

16    1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144

17    F.3d 883, 885 (5th Cir. 1998).

18    In light of these dismissals, and because plaintiff does not appear to be under

19    imminent danger of serious physical injury, the Court now orders plaintiff to SHOW

20    CAUSE why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

21    Plaintiff's response to this order to show cause is due no later than **September 15,**

22    **2007**.  The response must clearly be labeled "RESPONSE TO ORDER TO SHOW

23    CAUSE."

24    Although the Court has listed five dismissals, only three prior dismissals need

25    to qualify under § 1915(g).  In the alternative to showing cause why this action

26    should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee

27    by the deadline.

28    Order to Show Cause
N:\Pro - Se\8.27.2007\07-3317 Weaver03317_osc1915.wpd    3

1    **FAILURE TO FILE A RESPONSE BY SEPTEMBER 15, 2007 OR**

2    **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE**

3    **DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO**

4    **PLAINTIFF.**

5

6    DATED:    August 13, 2007    _____

7                                  JAMES WARE
                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
N:\Pro - Se\8.27.2007\07-3317 Weaver03317_osc1915.wpd        4